UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TOTAL GRAIN MARKETING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24 CV 73 RWS |
| | ) | |
| CENTER ETHANOL COMPANY, LLC, | ) | |
| And WR ETHANOL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before me on a motion to dismiss filed by Defendant WR Ethanol, LLC pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff Total Grain Marketing, LLC brings claims against WR Ethanol for fraudulent conveyance relating to Defendant Center Ethanol Co., LLC's bankruptcy. For the reasons discussed below, the motion will be granted.

### BACKGROUND

This case arises out of a contract between Total Grain and Center Ethanol for the delivery and sale of up to 500,000 bushels of corn. Total Grain alleges that between May 14, 2019, and May 24, 2019, it made shipments to Center Ethanol totaling $693.166.05, and that Center Ethanol failed to pay for the shipments.

On July 12, 2022, Center Ethanol filed for Chapter 11 bankruptcy in the U.S. District Court for the Eastern District of Missouri. *See In re Ctr. Ethanol Co.*, No.

4:22-BK-42087 (Bankr. E.D. Mo. July 12, 2022). In those proceedings, Center Ethanol filed a "Statement of Financial Affairs" indicating that on October 1, 2021, Center Ethanol transferred $266,670.00 to WR Ethanol, an Arizona limited liability company, for debt repayment, along with four $1 transfers for purchase of WR Ethanol's membership interests in various entities (the "Alleged Transfer"). *See* ECF No. 1-1 at 35.

Total Grain filed this lawsuit against Center Ethanol and WR Ethanol on June 9, 2023, in the Circuit Court of St. Louis County. Its complaint alleges claims for breach of contract and quantum meruit against Center Ethanol, for failing to pay the amounts due for the bushels of corn. In addition, Total Grain alleges two counts for fraudulent conveyance against Center Ethanol and WR Ethanol, based on the Alleged Transfer. Total Grain's only allegations involving WR Ethanol pertain to the Alleged Transfer. WR Ethanol removed the case to federal court on January 12, 2024. WR Ethanol then filed a motion to dismiss for lack of personal jurisdiction.

## LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint for lack of personal jurisdiction. "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists . . . by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the

state." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 548 F.3d 588, 591–92 (8th Cir. 2011) (internal quotation marks omitted). The "evidentiary showing required at the prima facie stage is minimal and may be tested by the pleadings, affidavits, and exhibits in support and in opposition to the motion." *Id.* at 592. The evidence is viewed in the light most favorable to the party invoking personal jurisdiction and all factual conflicts are resolved in favor of that party. *Id.* However, the party invoking a court's jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).

## DISCUSSION

Personal jurisdiction can be general or specific. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017). General jurisdiction "refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 593 (8th Cir. 2011) (internal marks omitted). Specific jurisdiction "refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state." *Id.* (internal quotation marks omitted). I will address each.

**A.    General Jurisdiction**

A court with general jurisdiction "may hear a lawsuit against a defendant [that] has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984)).  To determine general jurisdiction over a limited liability company, "the Court may consider the state of formation, principal place of business, and place of citizenship of its members." *Human v. Frubbel, LLC*, No. 4:24-CV-50 RLW, 2024 WL 2048865 (E.D. Mo. May 8, 2024) (internal citations omitted).

Based on the allegations in Total Grain's complaint and the evidence in the record, WR Ethanol is an Arizona limited liability company with its principal place of business in Arizona and its members domiciled in Arizona.  *See* ECF No. 1 at 4. Total Grain does not allege continuous and systematic contacts with Missouri.  As result, there is no general jurisdiction over WR Ethanol in Missouri.

**B.    Specific Jurisdiction**

Specific jurisdiction is proper "when a defendant has certain contacts with the forum State and the cause of action arises out of those contacts." *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979–80 (8th Cir. 2015).  Missouri courts may exercise specific jurisdiction over an out-of-state defendant if two requirements

4

are met: (1) jurisdiction must be allowed by the Missouri long-arm statute; and (2) the reach of the long-arm statute must comport with due process. *Viasystems*, 646 F.3d at 593.   Missouri's long-arm statute authorizes personal jurisdiction over defendants under several categories, including over defendants who transact business or commit a tort within the state.   Mo. Rev. Stat. § 506.500.1(1), (3).   The categories in the long-arm statute, such as transacting business or making a contract, are construed broadly "to provide for jurisdiction, within the specific categories enumerated in the statute, to the full extent permitted by the Due Process Clause." *State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo. banc 1984).

Due process requires that a defendant have certain minimum contacts with the state, such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). When assessing the sufficiency of a defendant's contacts, courts examine five factors: (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties. *Pederson v. Frost*, 951 F.3d 977, 980 (8th Cir. 2020).   "The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled

5

into court there." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003).

Total Grain's asserted basis for personal jurisdiction is that WR Ethanol crafted a "complex business relationship" with at least four Missouri entities. Total Grain argues that WR Ethanol's ownership in Missouri entities that loaned Center Ethanol millions of dollars resulted in activities directed at Missouri and related to Total Grain's fraudulent conveyance claim. WR Ethanol responds that Total Grain mischaracterizes its connection to Missouri.

1. Nature, quality, and quantity of contacts with Missouri

In 2021, WR Ethanol transferred its membership interests in the following four entities to Center Ethanol for one dollar each: Center Ethanol; Center Capital Company, LLC; Center Investment Company, LLC; and Sauget Bio, LLC. The complex business relationship alleged by Total Grain relates to those entities, which Total Grain alleges loaned more than fifty million dollars to Center. Total Grain also argues that the Alleged Transfer related to the sale of equity in these entities and repayment of a loan from Center.

Total Grain's characterization of WR Ethanol's complex business relationship with Missouri entities is unsupported. There is no detail about WR Ethanol's purported involvement with Center or the other entities, including how long the membership interests were held, the nature and extent of the interests, whether WR

6

Ethanol was involved at all in the operation of the entities, when the loans to Center were made, or whether WR Ethanol had any involvement with the loans.

The only alleged contact between WR Ethanol and Missouri is WR Ethanol's former interests in the entities, which were each sold for one dollar, and the Alleged Transfer received by WR Ethanol from a Missouri company. Total Grain does not allege that the contracts were made in Missouri or that WR Ethanol had any other activity in Missouri. As a result, these allegations do not provide sufficient contacts to Missouri to result in personal jurisdiction.

### 2. Relation of the cause of action to Missouri

For fraudulent transfer actions, the plaintiff must plead sufficient facts to support a reasonable inference that the defendant "uniquely or expressly aimed [their actions] at Missouri." *CitiMortgage, Inc. v. 1st Advantage Mortgage*, No. 4:10-CV-1784 HEA, 2015 WL 1894378, at *8 (E.D. Mo. Apr. 27, 2015) (quoting *Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010)). In this case, Center Ethanol's bankruptcy schedules show that Total Grain was one of fourteen unsecured, nonpriority creditors, which reside throughout Missouri, Illinois, and Texas. *See* ECF 1-1 at 30–33. Because this case involves creditors in multiple states, it is not clear that WR Ethanol expressly targeted its actions at Missouri. *Cf. CitiMortgage, Inc. v. Chicago Bancorp, Inc.*, No. 4:12-CV-246 CDP, 2013 WL 3338501, at *5 (E.D. Mo. July 2, 2013) (finding the transfer of assets to render a defendant judgment-proof was

expressly aimed at a Missouri citizen and intended to undermine the lawsuit).  With respect to the Alleged Transfer, Total Grain has not presented any explanation about how WR Ethanol uniquely and expressly targeted Missouri.

       3.  <u>Interest of Missouri and convenience of the parties</u>

Missouri does not have an interest in providing a forum for this dispute. Neither Total Grain nor WR Ethanol are Missouri businesses, residents, or citizens. Nor would it be convenient for WR Ethanol to defend this lawsuit in Missouri, as it does not have sufficient contacts in this forum.

## CONCLUSION

Total Grain has not alleged that WR Ethanol, an Arizona limited liability company, has the continuous and systematic contacts with Missouri required for general jurisdiction.  Nor has it established a basis for specific jurisdiction on any minimum contacts of WR Ethanol arising out of activities directed at Missouri.  As a result, WR Ethanol's motion to dismiss for lack of personal jurisdiction will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant WR Ethanol, LLC's motion to dismiss for lack of personal jurisdiction [20] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant WR Ethanol, LLC is **DISMISSED** from the case without prejudice.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September 2024.

9